UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| *Plaintiff*, | § | |
| v. | § | EP-21-CR-00730-DCG |
| | § | |
| FERNANDO GONZALES, | § | |
| | § | |
| *Defendant*. | § | |

## MEMORANDUM ORDER
## DENYING MOTION TO SUPPRESS

Presently before the Court is Defendant Fernando Gonzales's "Motion to Suppress Contraband Evidence and Statements of Defendant" (ECF No. 29) filed on September 14, 2021. Therein, Gonzales argues that when an El Paso County deputy constable pulled him over, Gonzales did not commit a traffic infraction, and therefore, his detention and warrantless search of his vehicle violated the Fourth Amendment to the United States Constitution. Def.'s Mot. to Suppress at 1–2, ECF No. 29. On that basis, Gonzales requests the Court to suppress any contraband, including any marijuana, found during the search and any statements he made during his detention. *Id.*

The Fourth Amendment protects individuals "against unreasonable searches and seizures." U.S. Const. Amend. IV. When a law enforcement officer stops a vehicle and detains its occupants, a "seizure" under the Fourth Amendment occurs. *United States v. Brigham*, 382 F.3d 500, 506 (5th Cir. 2004) (en banc). The legality of a traffic stop is analyzed under the framework articulated in *Terry v. Ohio*, 392 U.S. 1 (1968). *United States v. Lopez-Moreno*, 420 F.3d 420, 430 (5th Cir. 2005). Under the two-part *Terry* reasonable suspicion inquiry, courts ask: (1) whether the officer's action of stopping the vehicle was justified at its inception, that is,

whether the officer had an objectively reasonable suspicion that, as relevant here, a traffic violation occurred or was about to occur, and (2) whether the officer's action was reasonably related in scope to the circumstances which justified the interference in the first place.  *Id.*  Moreover, "[a] police officer may stop a vehicle if he has probable cause to believe a traffic violation has occurred."  *United States v. Cole*, 444 F.3d 688, 689 (5th Cir. 2006) (citing *Whren v. United States*, 517 U.S. 806, 810 (1996)); *see also United States v. Raney*, 633 F.3d 385, 390 (5th Cir. 2011) ("The constitutionality of the officer's stop of a defendant's vehicle must stand or fall based on whether the defendant violated Texas law." (cleaned up)).

The sole issue presented by Gonzales's motion is whether Gonzales committed a traffic infraction when he was stopped by the constable.  The Government argues that Gonzales failed to stop properly in violation of Section 544.010(c) of the Texas Transportation Code and therefore committed a traffic infraction.  Gov't's Resp. to Def.'s Mot. to Suppress at 6, ECF No. 34.  In support, the Government has submitted a video taken at the time of the purported infraction by a dash camera located in the constable's patrol car.  *Id.* at 3.

Section 544.010, entitled "Stop Signs and Yield Signs," provides:

(a) Unless directed to proceed by a police officer or traffic-control signal, the operator of a vehicle or streetcar approaching an intersection with a stop sign shall stop as provided by Subsection (c).

(b) If safety requires, the operator of a vehicle approaching a yield sign shall stop as provided by Subsection (c).

(c) An operator required to stop by this section shall stop before entering the crosswalk on the near side of the intersection. In the absence of a crosswalk, the operator shall stop at a clearly marked stop line. *In the absence of a stop line, the operator shall stop at the place nearest the intersecting roadway where the operator has a view of approaching traffic on the intersecting roadway*.

Tex. Transp. Code Ann. § 544.010 (emphasis added); *State v. Police*, 377 S.W.3d 33, 38 (Tex. App.—Waco 2012, no pet.) ("[T]he plain language of the statute," *i.e.*, Section 544.010(c),

"indicates that a stop must be made exactly where it states, which may or may not be behind a stop sign.").

Having carefully watched the video, the Court finds that immediately prior to making a right turn at the intersection of Rojas Dr. and RV Dr., Gonzales momentarily (less than a split second) slowed down in the intersection but failed to stop at the place nearest RV Dr. where he had a view of approaching traffic on RV Dr.  Accordingly, the Court concludes that he committed a traffic infraction in violation of Section 544.010(c)—before the constable pulled him over.

For the foregoing reasons, **IT IS ORDERED** that Gonzales's "Motion to Suppress Contraband Evidence and Statements of Defendant" (ECF No. 29) is **DENIED**.

**So ORDERED and SIGNED this   5th   day of November 2021.**

_____
**DAVID C. GUADERRAMA
UNITED STATES DISTRICT JUDGE**